*1044 OPINION.
Smith:
The issue presented by this proceeding is the proper method to be used in determining the deduction for loss or for exhaustion in 1919 of the leasehold here in question. The petitioner deducted from gross income in its income-tax return for that year $7,804.10 for exhaustion of its leasehold. At the hearing it was stipulated by the parties to the proceeding that the unamortized cost of the leasehold on January 1, 1919, was $6,385.16 and not $7,804.10, *1045 the amount claimed in the return. The petitioner contends that it is entitled to deduct from gross income of 19X9 the entire unamortized cost of the lease as of January 1, 1919, and that it is obligated to return and in fact did return as income for 1920 the $4,000 received by it in 1920; that the operation of the leased premises from the date of the receipt of the notice from the lessor to vacate was entirely without profit and that therefore the entire loss from the cancellation all fell within the year 1919.
In our opinion there is no merit in the contention of the petitioner that it received $4,000 income in 1920 as a result of the rebate received. The respondent correctly offset the unamortized cost of the lease on January 1, 1919, namely, $6,385.16, by the amount of $4,000, which, as a result of the notice given to the petitioner in November, 1919, was to be paid in 1920, when the premises were vacated. The unamortized cost of the lease from January 1, 1919, to the expiration of the 90-day period, assumed to be January 31, 1920, in the absence of evidence as to the exact date, was $2,385.16. The taxing statute permits the deduction of a reasonable amount for exhaustion of property, and we think that the $2,385.16 should be spread ratably over the 13-month period, January 1, 1919, to January 31, 1920, and that the exhaustion allocable to the year 1919 was twelve-thirteenths thereof, or $2,201.68.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Littleton and Love.